UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUTHER LOPEZ,<br><br>                Plaintiff,<br><br>      -against-<br><br>BEACON MAIN REAL ESTATE GROUP;<br>JOHN YARBOUGH; GREGORY<br>TRAUTMAN,<br><br>               Defendants. | 1:25-CV-0460 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Luther Lopez, of Beacon, Dutchess County, New York, filed this action *pro se* seeking immediate injunctive relief in the form of a temporary restraining order prohibiting Defendants from handling his mail, and also seeking damages. Plaintiff invokes the court's federal question jurisdiction, specifically citing federal criminal statutes as the basis for the court's federal question jurisdiction to consider this action. (ECF 1, at 2.) He sues: (1) Beacon Main Real Estate Group, LLC ("BMREG"); (2) BMREG manager, John Yarbough, and (3) BMRESG owner, Gregory Trautman.

By order dated March 5, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

### STANDARD OF REVIEW

The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The Court will first summarize Plaintiff's allegations in his complaint and then summarize the litigation history of this action with respect to the events that occurred after the Court granted Plaintiff IFP status on March 5, 2025.

### A.    Allegations

Plaintiff alleges the following[1]: On October 28, 2024, Plaintiff returned to his Beacon, New York, home from work "to find mail sitting on [his] computer desk, . . . [and] one of the envelopes was open." (ECF 1, at 5.) The envelope that had been opened "was legal mail from a law firm." (*Id.*) Plaintiff then called 911 "to report the illegal and unauthorized entry into [his] home] and . . . the opening of [his] mail." (*Id.*)

Yarbough, a RMSEG manager, "openly a[d]mitted to opening . . . [P]laintiff['].s door to place the mail inside . . . [P]laintiff['].s room, notwithstanding the fact that . . . [P]laintiff told . . . [him] not to touch or handle . . . [P]laintiff['].s mail, due to the fact that . . . [P]laintiff had ongoing civil legal action against the defendant(s)." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

2

**B.**     **Litigation history**

On August 12, 2025, Plaintiff attempted to file a proposed Clerk's Certificate of Default[2] and a Declaration in this court. (ECF 9 & 10.) By filing those documents, it appears that Plaintiff was attempting to seek default judgment against Defendants. In his Declaration, Plaintiff asserted that Defendants have "voluntarily accepted service of complaint by their attorney,"[3] and that they "are still tampering with [his and other tenants'] mail . . . by taking all the mail and leaving it unsecured in the public hallway for anyone to go [through it]." (ECF 10 at 1-2.) Attached to that Declaration was a waiver of service of summons that was signed by Ronald K. Friedman, Esq., as well as a letter from Mr. Friedman to Plaintiff. (*Id.* at 5-6.) The waiver, which was signed by Mr. Friedman on April 8, 2025, seems to waive service for all Defendants and states that an answer or motion filed in response to the complaint must be filed within 60 days from March 19, 2025. (*Id.* at 6.) Mr. Friedman's letter to Plaintiff confirms that Mr. Friedman signed the waiver on behalf of Defendants, as their attorney. (*Id.* at 5.)

The electronic docket of this action indicates that, on August 13, 2025, the Clerk of Court marked as deficient both the unsigned proposed Clerk's Certificate of Default (ECF 9) and Plaintiff's Declaration (ECF 10) (which included the abovementioned attachments), and specified that the unsigned proposed Clerk's Certificate of Default was deficient for the following reasons:

> (1) the proposed clerk's certificate of default does not list the name(s) for the party(ies) who was/were served; (2) the proposed clerk's certificate of default does not list the name(s) for the party(ies) that accepted service; (3) the proposed clerk's certificate of default does not list the date the party(ies) was/were served; (4) the proposed clerk's certificate of default does not list

---

[2] The Clerk of Court has not signed that certificate.

[3] No summonses have been issued by the court.

3

the filed date of the proof of service; (5) the proof of service of the pleading was not filed.

The electronic docket also indicates that, on August 13, 2025, the Clerk of Court gave Plaintiff instructions as to how to remedy those deficiencies, and that the Clerk of Court marked Plaintiff's Declaration deficient because it was associated with the deficient unsigned proposed Clerk's Certificate of Default.

On that same date, August 13, 2025, Plaintiff filed what appears to be a motion to amend his complaint, which is pending. (ECFs 11, 12, and 13.) In one of the two notices of motion that constitute that motion, Plaintiff seems to ask permission to file a supplemental pleading rather than an amended complaint, but also wishes to name additional defendants "based on a series of retaliatory actions, stemming from this very action . . . including, but limited to . . . [D]efendants['] attorney, Ronald K. Friedman and Local City Judge Rebecca S. Mensch." (ECF 11.)

In the Declaration filed in support of his motion to amend, Plaintiff asserts that, on October 28, 2025, he "called 911 on . . . Yarbough for mail tampering (opening . . . [his] mail)[.] Police refused to take any action and stated [that] it[] [is] a civil matter." (ECF 12, at 1.) That Declaration also states that, in November 2025, "Plaintiff filed an order to show cause in Beacon City Court before Judge Mensch for mail tampering and the lack of mailboxes (which is the cause of the mail tampering against . . . Plaintiff and the other tenants)[.] Judge Mensch refused to take jurisdiction over the matter." (*Id.*) That Declaration further states that, "[o]n or about January 10, 2025[,] . . . Defendant(s) filed a frivolous petition in Beacon City Court before Judge Mensch in retaliation against . . . [P]laintiff for calling 911, filing an order to show cause[,] and now this [action]. The petition filed by . . . Defendants was ultimately dismissed on" July 22, 2025. (*Id.* at 2.) Yet, "it was later discovered that . . . Friedman and Judge Mensch engaged in ex

parte communications during the pendency of the abovementioned petition." (*Id.*) Because of that, Plaintiff seeks permission from this Court to name Mr. Friedman and Judge Mensch as additional defendants in this action "for violations of [his] 14th [A]mendment due process rights." (*Id.*)

On September 7, 2025, Mr. Friedman, as the attorney for Defendants, filed a cross-motion in this court in which Defendants did not oppose or support Plaintiff's motion to amend his complaint, but did oppose Plaintiff's efforts seeking default judgment. (ECF 14.) In the Affirmation in support of the cross-motion, Mr. Friedman states that Defendants' answer was served on Plaintiff on May 15, 2025. (ECF 14-1, at 1.) He also states that, due "to ongoing issues with [his] PACER account, [he] was not able to electronically file [D]efendants' answer."[4] (*Id.* at 2.) In a letter to the Clerk of Court that is attached to the cross-motion, Mr. Friedman states that the cross-motion and its supporting documents were:

> filed with the Court via ECF by a colleague (Nathan Shook, Esq.) using his PACER account due to [Mr. Friedman's] inability to activate [his own PACER] account, despite [his] efforts to do so consisting of making at least 4-5 telephone calls to the [PACER] desk and spending at least 4-5 hours on hold without success, as well as making request for assistance via email.
>
> As a result of [his] inability to activate [his PACER] account, [Mr. Friedman has] been unable to file any papers with the Court electronically.

(ECF 14-5.)

On September 11, 2025, the Clerk of Court marked that cross-motion deficient and it was terminated on the court's electronic docket. The same docket indicates that the Clerk of Court

---

[4] In an affidavit of Yarbough that is attached to that cross-motion, Yarbough states that he is President of Consumers Corporation, and that it is Plaintiff's landlord. (ECF 14-2, at 1.) A copy of a purported answer served on Plaintiff is also attached to that cross-motion (ECF 14-3, at 2-3), but that answer was not filed with the court.

informed Mr. Shook that the cross-motion was deficient because its supporting documents were not separately filed such that they were assigned their own document numbers.

On September 22, 2025, Trautman and Yarbough filed *pro se* "Answer[s] to Request for Admissions" (ECFs 15 and 16), as well as *pro se* "Answer[s] to Request Production of Documents" (ECFs 17 and 18).

On October 22, 2025, Plaintiff filed a "Motion to Deem Requests for Admission Admitted and for Default Judgment against Gregory Trautman & Beacon Main Real Estate Group LLC," in which he asks the Court "for an order deeming the Plaintiff's Requests for Admission served on Defendant [Defendant's Beacon Main Real Estate Group LLC and Gregory Trautman as admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, and for entry of default judgment pursuant to Rule 55(b)." (ECF 21, at 1.) Specifically, he asks the Court to:

> 1. Deem Plaintiff's Requests for Admission served on [September 9, 2025,] as admitted under Fed. R. Civ. P. 36(a)(3);
>
> 2. Enter default judgment against Defendant Beacon Main Street Group, LLC and Gregory Trautman under Fed. R. Civ. P. 55(b);
>
> 3. Award Plaintiff damages in the amount of $ 10,000, plus costs and interest; and
>
> 4. Grant such other relief as the Court deems just and proper.

(*Id.* at 4.) That motion is pending.

On November 11, 2025, Mr. Friedman filed a motion to withdraw as the attorney representing Defendants. (ECF 22.) An attached unsigned affidavit attributed to Trautman states that Trautman wishes to proceed in this action *pro se* and, "to the extent permissible[,] [represent] the interests" of BMREG. (ECF 22-1, at 1.) Another attached unsigned affidavit, attributed to Yarbough, states that Yarbough also wishes to proceed in this action *pro se*. (ECF 22-2, at 1.) Still another attached unsigned affidavit attributed to Mr. Friedman states that Nathan

6

Shook, Esq., is incorrectly listed on the court's electronic docket as Defendants' attorney, and that Mr. Shook has never represented Defendants. (ECF 22-3, at 2.) An attached letter from Mr. Freidman to the Clerk of Court states that his "motion to be relieved of counsel and supporting papers are being filed with the Court via ECF by a colleague (Nathan Shook, Esq.) using his PACER account due to [Mr. Friedman's] inability to file such papers with the Court using [Mr. Friedman's own PACER] Account." (ECF 22-4.) That motion is also pending.

## DISCUSSION

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the lack of [subject matter] jurisdiction is so fundamental a defect that [Rule 12(h)(3)] permits a judge to recognize it sua sponte at any time." *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."); *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" (citation omitted)); *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings."). Thus, regardless of the litigation history of, and of the motions pending in, this action, the Court can and will first examine whether it has subject matter jurisdiction to consider this action.

## A.    Private prosecution

By citing federal criminal statutes as the basis for the court's subject matter jurisdiction, Plaintiff seems to seek the federal criminal prosecution of Defendants. If that is the case, the Court must dismiss the claims seeking such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including Defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

## B.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, with respect to such a court's diversity jurisdiction to consider claims under state law, where the plaintiff and defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §§ 1331, 1332(a)(1).

### 1.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. A claim arises under the court's federal question jurisdiction if the complaint "'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) ("[I]n order to sustain federal [question] jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous."). Despite invoking federal criminal statutes, Plaintiff alleges no facts demonstrating a federal law claim. Thus, inasmuch as Plaintiff invokes the court's federal question jurisdiction, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims in an amended complaint in which he alleges facts showing that the court has federal question jurisdiction of the claims raised in his amended complaint.

### 2.    Diversity jurisdiction

Plaintiff also does not allege facts sufficient to establish the court's diversity jurisdiction to consider any claims under state law that he may be attempting to assert. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S.

381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, for diversity purposes, a limited liability company (an "LLC") is deemed to be a citizen of each State of which its members are citizens. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

There is a second component of diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in

10

a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke

diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory

allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG),

2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation*

*adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal*

*dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No.

7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the

jurisdictional amount, like any other factual allegation, ought not to receive the presumption of

truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff alleges that he is a citizen of the State of New York. (ECF 1, at 2.) He also

alleges that BMREG, an LLC, is a citizen of the State of New York (*id.* at 3), but he does not

allege the state citizenships of BMREG's members. In addition, Plaintiff does not allege the state

citizenships of the remaining defendants, Trautman and Yarbough. Thus, Plaintiff does not show

that the parties are diverse—that he and the named defendants are citizens of different States.[5] In

addition, Plaintiff alleges no facts showing that his claims under state law exceed the sum or

value of $75,000. Accordingly, inasmuch as Plaintiff asserts claims under state law under the

court's diversity jurisdiction, the Court dismisses this action for lack of subject matter

jurisdiction. See Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff leave to replead

his claims under state law in an amended complaint in which he alleges facts showing that the

court has diversity jurisdiction of such claims. Plaintiff must allege facts showing that no

defendant named in his amended complaint is a citizen of the same State as him, that is, a citizen

---

[5] Because Plaintiff is a citizen of the State of New York, if any of the defendants are citizens of the State of New York, the parties are not diverse.

of the State of New York. He must also allege nonconclusory facts showing that the sum or value of the amount in controversy as to his claims under state law exceeds $75,000, which is the jurisdictional minimum for a diversity action.

## C.    Leave to amend is granted

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Because Plaintiff may be able to allege additional facts showing that the court has subject matter jurisdiction to consider this action, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint in which he alleges such facts. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action *sua sponte* for lack of subject matter jurisdiction.

Accordingly, as the Court has granted Plaintiff leave to replead his claims in amended complaint, as specified in this order, the Court denies Plaintiff's motion to amend his complaint (ECFs 11, 12, and 13) as unnecessary. In addition, because the Court has determined that, with respect to the claims alleged in Plaintiff's original complaint, the court lacks subject matter jurisdiction to consider this action, the Court denies Plaintiff's "Motion to Deem Requests for Admission Admitted and for Default Judgment . . ." (ECF 21) without prejudice to Plaintiffs' refiling such a motion should: (1) Plaintiff file an amended complaint in response to this order;

12

and (2) the court determine that such amended complaint asserts claims of which the court has subject matter jurisdiction. *See Flawless Style LLC v. Saadia Grp. LLC*, No. 1:23-CV-2354 (LTS), 2025 WL 2780121, at *5 (S.D.N.Y. Sept. 29, 2025) ("Before the Court can conduct a default judgment analysis, the Court must satisfy itself that it has subject matter jurisdiction of Plaintiffs' claims."); *Devito Verdi, Inc. v. Legal Sea Foods, Inc.*, No. 1:21-CV-1007 (MKV), 2021 WL 1600088, at *2 (S.D.N.Y. Apr. 23, 2021) ("Because the Court lacks subject matter jurisdiction, Plaintiff's motion for default judgment is denied and the Complaint must be dismissed.").

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), but grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

The Court denies Plaintiff's motion to amend his complaint (ECFs 11, 12, and 13) as unnecessary.

The Court denies Plaintiff's "Motion to Deem Requests for Admission Admitted and for Default Judgment . . ." (ECF 21) without prejudice to Plaintiffs' refiling such a motion should: (1) Plaintiff file an amended complaint in response to this order; and (2) the court determine that such amended complaint asserts claims of which the court has subject matter jurisdiction to consider.

The Court denies Ronald K. Friedman's motion to withdraw as Defendants' attorney without prejudice to renewal upon properly filed and executed papers. (ECF 22.)

The Court therefore directs the Clerk of Court to terminate ECF 11, 13, 21, and 22.

13

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 30, 2026
          New York, New York

                                            /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge